MCGUIREWOODS LLP
TANYA L. GREENE SBN #267975
TGreene@mcguirewoods.com
Wells Fargo Center, South Tower
355 S. Grand Ave., Suite 4200
Los Angeles, CA  90071-3103
Telephone: 213.627.2268
Facsimile:  213.627.2579

ANTHONY Q. LE SBN #300660
ALe@mcguirewoods.com
Two Embarcadero Center, Suite 1300
San Francisco, CA  94111-3821
Telephone: 415.844.9944
Facsimile:  415.844.9922

BRIAN PUMPHREY (*pro hac vice forthcoming*)
BPumphrey@mcguirewoods.com
HEIDI SIEGMUND (*pro hac vice forthcoming*)
HSiegmund@mcguirewoods.com
Gateway Plaza
800 East Canal Street
Richmond, VA  23219-3916
Telephone: 804.775.1000
Facsimile: 804.775.1061

Attorneys for Defendant
Bank of America, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMY MARANGOPOULOS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>BANK OF AMERICA, N.A., and DOES 1-10, inclusive,<br><br>　　　　Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>(Removed from Superior Court of California, County of Alameda, Case No. RG21097293)<br><br>Complaint Filed:　　　4/27/2021 |

**TO ALL THE COURT, PARTIES, AND ALL COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, on this date, Defendant Bank of America, N.A., ("BANA"), by and through its undersigned attorneys, hereby removes the above-referenced action filed by Plaintiff Tammy Marangopoulos ("Plaintiff") from the Superior Court of the State of California for the County of Alameda, and all claims therein, to the United States District Court for the Northern District of California, Oakland Division. As grounds for removal, BANA states that this Court has original jurisdiction over this matter under 28 U.S.C. § 1331 on the basis of federal question and that all the claims and causes of action in the matter may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

## I.   PROCEDURAL HISTORY

1. On or about April 27, 2021, Plaintiff filed a putative class action complaint ("Complaint") in the Superior Court of the State of California for the County of Alameda, in a case styled as *Tammy Marangopoulos v. Bank of America, N.A.*, Case No. RG21097293 ("State Court Action").

2. On May 13, 2021, Plaintiff served a notice of hearing on BANA identifying a complex determination hearing and case management conference hearing. On May 25, 2021, Plaintiff served an updated Notice of Acknowledgment of Receipt ("NAR") pursuant to section 415.30 of the California Code of Civil Procedure, including a copy of the summons, Complaint, Civil Case Cover Sheet, and ADR Information Sheet. BANA returned a signed copy of the NAR the same day on May 25, 2021. Copies of these documents, including all other process, pleadings, and orders in the action that were served on BANA, are attached hereto as **Exhibit A**. A copy of the answer BANA submitted for filing in the State Court Action on June 21, 2021 is attached hereto as **Exhibit B**.

3. Plaintiff alleges, individually and on behalf of all others similarly situated, a single cause of action against BANA for violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.* Plaintiff seeks punitive damages, injunctive relief, attorneys' fees and costs, and any other relief as the court deems just and proper.

//

## II. TIMELINESS AND PROPER VENUE

4. The removal of this action to this Court is timely. Section 1446(b) requires a defendant to file a notice of removal within 30 days of being served. 28 U.S.C. § 1446(b); *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011) ("[E]ach defendant is entitled to thirty days to exercise his removal rights after being served"). On May 25, 2021, Plaintiff served an NAR with a copy of the summons, Complaint, Civil Case Cover Sheet, and ADR Information Sheet on BANA. On the same day, BANA signed and returned the NAR to Plaintiff. Thus, pursuant to section 415.30 of the California Code of Civil Procedure, service of the summons and Complaint is deemed complete as of May 25, 2021.

5. BANA is required to file this Notice of Removal, pursuant to 28 U.S.C. § 1446(b), by June 24, 2021, which is within thirty days of being served with the Complaint on May 25, 2021. Removal is timely because BANA filed this notice of removal on June 23, 2021, which is by June 24, 2021.

6. The United States District Court for the Northern District of California, Oakland Division is the proper place to file this Notice of Removal under 28 U.S.C. § 1441(a) because it is the federal district and division within which this action is pending and is, therefore, the proper venue for this action.

7. In filing this Notice of Removal, Defendant does not waive and specifically reserves any and all defenses, exceptions, rights, and motions, including defenses concerning improper or lack of service. No statement or omission in this Notice shall be deemed an admission of any allegations or damages sought in the Complaint.

## III. FEDERAL QUESTION JURISDICTION

8. Removal is proper because this Court has original jurisdiction over this matter under 28 U.S.C. § 1331 based on Plaintiff's claim under the federal Equal Credit Opportunity Act. (Complaint ¶¶ 1, 33-38).

9. A suit filed in a state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331. *City of*

*Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020). "The general rule, referred to as the 'well-pleaded complaint rule,' is that a civil action arises under federal law for purposes of § 1331 when a federal question appears on the face of the complaint." *Id.* Under the well-pleaded complaint rule, a defendant may remove a case to federal court if "the plaintiff's complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983) (emphasis omitted); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (stating that federal question jurisdiction is appropriate when it is presented on the face of plaintiff's well-pleaded complaint); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (same).

10. A case "arises under" federal law when the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*, *supra*, 463 U.S. at 27-28. It is well established that a single claim over which federal question jurisdiction exists is sufficient for removal. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 5455 U.S. 546, 563 (2005); *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 164-66 (1997). Moreover, courts have held that a claim under the ECOA is a claim arising under federal law for purposes of removal. *See, e.g., Perryman v. JPMorgan Chase Bank, N.A.*, No. 1:16-cv-00643-LJO-SKO, 2016 WL 4441210, *7 (E.D. Cal. Aug. 23, 2016) (denying motion to remand because "[r]emoval jurisdiction is proper based on the existence of a federal question" under ECOA).

11. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over this action because Plaintiff's ECOA claim, and relief requested therein, requires the interpretation and enforcement of federal law. Specifically, the resolution of this case requires the Court to interpret ECOA and enforce any requirements and remedies therein. (Complaint ¶¶ 1, 33-38). As such, this action is properly removable under 28 U.S.C. § 1441. *See Grable & Sons Metal Prods., Inc.*, 545 U.S. 308, 315 (2005) (federal jurisdiction exists where a federal statute is an essential element of plaintiff's claim).

12. For these reasons, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, and the claims may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

NOTICE OF REMOVAL OF CIVIL ACTION

### IV. CONSENT TO REMOVAL

13. Pursuant to 28 U.S.C. § 1446(b)(2), all defendants that have appeared in the State Court Action have consented to this removal. *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) (requirement that codefendants "join" in removal is met when one defendant avers that all defendants have consented to removal). BANA, as the sole defendant in this action, filed this notice and consents to removal of this case.

14. Pursuant to 28 U.S.C. § 1446(a), BANA files this Notice in the District Court of the United States for the district and division within which the State Court Action is pending.

### V. NOTICE TO STATE COURT AND PLAINTIFF

15. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice will be promptly served on Plaintiff in the State Court Action, and this Notice will be filed with the Clerk of the Alameda County Superior Court.

16. In accordance with 28 U.S.C. § 1446(d), BANA has also given written notice to Plaintiff by contemporaneously serving this Notice of Removal on counsel for Plaintiff.

### VI. CONCLUSION

WHEREFORE, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, BANA respectfully requests that the Court enter such further orders and grant such further relief as may be necessary to secure the removal of this State Court Action from the Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California, Oakland Division. BANA further respectfully requests that said District Court assume exclusive jurisdiction of this action and that the Superior Court of the State of California for the County of Alameda take no further action.

///
///
///
///
///
///

DATED: June 23, 2021             Respectfully submitted,

                                 **McGuireWoods LLP**

                                 By:  */s/ Tanya L. Greene*
                                           Tanya L. Greene

                                      Attorneys for Defendant
                                      Bank of America, N.A.

**CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2021, the foregoing document was electronically filed using this Court's CM/ECF system; thereby upon completion the ECF system automatically generated a "Notice of Electronic Filing" as service through CM/ECF to registered e-mail addresses of parties of record in the case.

Dated: June 23, 2021                                         By: */s/ Tanya L. Greene*
                                                                                    Tanya L. Greene